U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG - 8 2017

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KAMAU ALAN ISRAEL, | § | |
| Movant, | § | |
| VS. | § | NO. 4:17-CV-409-A |
| | § | (NO. 4:14-CR-240-A) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Kamau Alan Israel ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, its supporting memorandum, the government's response, the reply, and pertinent parts of the record in Case No. 4:14-CR-240-A, styled "United States of America v. Kamau Alan Israel," the court has concluded that the motion should be denied.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On December 10, 2014, movant was named in a one-count indictment charging him with bank robbery in violation of 18 U.S.C. § 2113(a). CR Doc.[1] 12. On January 9, 2015, movant pleaded

---

[1]The "CR Doc. ___" reference is to the number of the item on the docket in the underlying
(continued...)

guilty to the offense charged without benefit of a plea agreement. CR Doc. 19. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the PSR was prepared; the court could impose a sentence more severe that the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true and accurate. CR Doc. 55, passim. Having heard and considered the testimony and statements of counsel at the hearing, the court found that defendant was fully competent and capable of entering an informed plea; that his plea was knowing and voluntary; and that his ploea did not result from force, threats, or promises. CR Doc. 55 at 31-32.

After his plea and before his sentencing, movant twice wrote to the court. CR Doc. 23; CR Doc. 33. The first letter pointed

---

[1](...continued)
criminal case, No. 4:14-CR-240-A.

out movant's past psychiatric issues, but gave no indication that he was presently suffering from any such issues or had been at the time he committed the robbery. The second letter complained of movant's counsel not following the strategy movant wished to pursue. The court directed movant's counsel to meet with movant, which he did, reporting that the differences between them had been resolved. CR Doc. 36.

The presentence report addressed movant's mental health. CR Doc. 24. Movant did not object to any of the statements on that subject. CR Doc. 26.

On April 24, 2015, movant appeared for sentencing and, although given an opportunity to speak, did not raise any issue regarding his competence at any time or any dissatisfaction with counsel. CR Doc. 56. He was sentenced to a term of imprisonment of 240 months. CR Doc. 47. He appealed, arguing that his sentence was procedurally and substantively unreasonable. In particular, he argued that the court should have considered his mental illness as a mitigating factor. United States v. Israel, 637 F. App'x 145, 146 (5th Cir. 2016). The judgment was affirmed. Id.; CR Doc. 58.

II.

## Grounds of the Motion

Movant urges four grounds in support of his motion, worded as follows:

   Ground One: INEFFECTIVE ASSISTANCE OF COUNSEL/FAILURE TO INVESTIGATE

   Ground Two: INEFFECTIVE ASSISTANCE OF COUNSEL/COMPETENCY HEARING

   Ground Three: INEFFECTIVE ASSISTANCE OF COUNSEL/INSANITY DEFENSE

   Ground Four: INEFFECTIVE ASSISTANCE OF COUNSEL/MITIGATING FACTORS

Doc.[2] 1, pages 7 of 10 and 8 of 10. The motion has attached to it a number of items beginning with a page marked (at the top right corner) "PAGE 11 of 66" and concluding with "PAGE 66 of 66."

III.

## Standards of Review

A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or

---

[2]The "Doc.___" reference is to the number of the item on the docket in this civil action.

sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 132 S. Ct. 1399, 1409-11 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

Movant's argument is very disjointed and appears to be the result of a cut and paste effort, but, as best the court can tell, the basis of the argument is that movant was incompetent at the time he committed the robbery of which he was convicted. He urges that his attorney was aware of this fact, but failed to properly investigate and present evidence of his insanity. None of the allegations he makes or the attachments to the motion are sufficient to establish his right to relief.

At the conclusion of the rearraignment hearing, the court found that movant was fully competent and capable of entering an informed plea, that his plea was knowing and voluntary, and did not result from force, threats or promises. CR Doc. 55 at 31-32. This was after movant had testified that he did not suffer from any kind of emotional or mental disability and that he considered himself to be of sound mind and his attorney had affirmed that he had no reason to think that movant was not fully competent to enter into a guilty plea or that such a plea would not be a knowing and voluntary one. CR Doc. 55 at 21. Movant cannot now be heard to refute his testimony given in open court under oath. United States v. Fuller, 769 F.2d 1095, 1099 (5th Cir. 1985).

7

Movant's complaints about his attorney are wholly conclusory. There is no reason to believe that counsel did not conduct a proper investigation or that his tactical decisions were not reasonable ones. See Riley v. Dretke, 362 F.3d 306 (5th Cir. 2004). The record reflects that movant's counsel was aware of movant's mental health issues. CR Doc. 55 at 22-23. Movant's bald assertions that his attorney failed to properly investigate or present evidence regarding his competency are insufficient to raise a constitutional issue. United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993); Ross v. Estelle, 694 F.2d 1008, 1011 (5th Cir. 1983).

Movant relies heavily on Bouchillon v. Collins, 907 F.2d 589 (5th Cir. 1990). However, that case is not analogous to this one. In Bouchillon, the trial court made no finding as to the defendant's competence. 589 F.2d at 591. See Moore v. Dretke, 182 F. App'x 329, 337 (5th Cir. 2006)(distinguishing Bouchillon because there had been no finding of competence in that case). Here, the court found movant to be competent and that finding is entitled to a presumption of correctness. See United States v. Flores-Martinez, 677 F.3d 699, 706 (5th Cir. 2012).

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED August 8, 2017.

_____
JOHN McBRYDE
United States District Judge